IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| NIGEL JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:16cv262 (JCC/IDD) |
| ) | |
| METROCOMPUTAX, ) | |
| ) | |
| Defendant. ) | |

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Metrocomputax's Motion to Dismiss [Dkt. 12]. Defendant contends that the Court should dismiss Plaintiff Nigel Jackson's Complaint as untimely filed and improperly served. For the reasons that follow, the Court will grant Defendant's Motion and dismiss Plaintiff's Complaint.

**I. Background**

Defendant formerly employed Plaintiff as a seasonal tax preparer. At some point during his employment, Plaintiff – an African-American male – began to suspect that other employees were receiving more favorable treatment than he due to his race, gender, and disability. As a result, Plaintiff filed a charge of discrimination with the Alexandria Office of Human Rights.

Plaintiff alleges that on or about March 19, 2014, Defendant's representative contacted him and informed him that

1

Defendant had received notice of his civil rights complaint. The representative stated further that Plaintiff would not be permitted to return to work until he agreed to sign negative performance reviews and warnings. These had been backdated in an effort to manufacture a reason for Defendant's poor treatment of Plaintiff. Plaintiff refused to sign the documents, and was ultimately terminated from his position. Plaintiff then added a charge of retaliation to his earlier civil rights complaint.

On October 1, 2014, the Alexandria Office of Human Rights declined to pursue Plaintiff's claim, and Plaintiff requested that the Equal Employment Opportunity Commission (EEOC) review his case. On October 16, 2015, the EEOC likewise declined to take on Plaintiff's case and issued a right-to-sue letter.

Plaintiff, however, did not immediately receive the letter. While Plaintiff had notice that the EEOC had dismissed his claim, the letter was accidentally mailed to the wrong address due to a typographical error. After several weeks, Plaintiff inquired with the EEOC, which supplied him with the missing letter on December 4, 2015.

Plaintiff attempted to secure counsel to bring a civil action. When he was unable to do so, he filed suit *pro se* on January 7, 2016. Unfortunately, Plaintiff filed suit in the wrong court, erroneously filing his claim as a warrant of debt

2

in Alexandria General District Court (Case No. GV16000038-00). Plaintiff claims to have realized his error shortly after March 4, 2016. He then filed suit in this Court on March 9, 2016. It is unclear whether Plaintiff's suit in state court remains pending.

Plaintiff first obtained a summons on June 15, 2016 – 91 days after this Court granted Plaintiff leave to proceed in forma pauperis. His first attempt at service failed, as Defendant's place of business had moved and Plaintiff knew only its previous address. The Court issued an Order [Dkt. 8] on September 1, 2016, requiring Plaintiff to show cause why this case should not be dismissed for lack of proper service under Federal Rule of Civil Procedure 4(m). Plaintiff filed a response on September 20, 2016, and effectuated service upon Defendant on October 12, 2016 – 211 days after the Court granted Plaintiff leave to proceed in forma pauperis.

On November 2, 2016, Defendant filed the instant Motion seeking to dismiss Plaintiff's Complaint based on Plaintiff's delay both in filing suit and effectuating service.

## II. Legal Standard

A motion filed pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction over the pending action. The burden of proving subject matter jurisdiction falls on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S.

3

178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint; importantly, [a Rule 12(b)(6) motion] does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999) (citation omitted). While the Court must accept well-pled allegations of fact as true when ruling on a Rule 12(b)(6) motion, the Court need not accept legal conclusions disguised as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 679-81 (2009). Therefore, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

"[W]hen a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." Dickerson v. Napolitano, 604 F.3d 732, 752 (4th Cir. 2010) (quoting Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005)). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304 (4th Cir. 1998) (citing *Armco, Inc.v. Penrod-Staufer Bldg. Sys.*, Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)). However,

4

"[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." Armco, 733 F.2d at 1089.

Summary judgment is appropriate only where, on the basis of undisputed material facts and drawing all reasonable inferences in favor of the nonmoving party, the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party always bears the initial burden of "informing the district court of the basis for its motion," and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex,* 477 U.S. at 323. Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "[T]he non-moving party 'may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" *Hughes v. Bedsole,* 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986)).

5

### III. Analysis

Defendant first moves to dismiss this case on the grounds that Plaintiff failed to timely file a civil action after receiving his right-to-sue letter from the EEOC. Generally, one must file suit within 90 days of receiving such a letter. 42 U.S.C. § 2000e-5(f)(1). This deadline is subject to equitable tolling, but is not tolled lightly. *See, e.g.*, *Watts-Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993) (upholding the dismissal of a claim filed five days too late where the plaintiff could not justify the delay).

The EEOC notified Plaintiff of its decision not to pursue his claim on October 16, 2014, making the deadline for Plaintiff to file a civil action January 14, 2015. Plaintiff filed suit in Alexandria General District Court by that date, but did not file the instant action until nearly three months later.

While the 90-day notice period is "strictly construed," *Asbury v. City of Roanoke*, 599 F. Supp. 2d 712, 716-17 (W.D. Va.), *aff'd,* 330 F. App'x 39 (4th Cir. 2009), it is not mechanically applied. Courts in the Fourth Circuit "engage[ ] in a 'case-by-case examination to determine if an equitable tolling of the filing period is appropriate.'" *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir.

July 30, 1999) (quoting *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir.1987).

Here, Plaintiff claims a typographical error initially prevented him from receiving his right-to-sue letter. It does not appear, however, that Plaintiff was without notice. An exhibit submitted with Plaintiff's Opposition demonstrates that Plaintiff was fully aware that the letter had issued as early as October 16, 2016. *See* Opp. Exh. A [Dkt. 16-1] at 3. The exhibit further shows that Plaintiff waited more than six weeks to inquire as to why he had not received the letter after that date. *See id*. Plaintiff then waited an additional month before attempting to file suit in Alexandria General District Court.

Plaintiff contends that the deadline for filing suit was tolled during the period he waited for the letter to arrive. The Fourth Circuit, however, has rejected the notion that the 90-day filing deadline is tolled pending the claimant's actual receipt of the right-to-sue letter. *See Harvey*, 813 F.2d at 654. It has instead embraced "a flexible rule" that is sensitive to the purpose of the filing deadline: to "require claimants to act expeditiously, without unnecessary delay." *Id*.

Plaintiff had notice as of October 16, 2015, that the EEOC would not pursue his claim. Under similar circumstances, courts in this Circuit have found that the deadline to file suit begins to run once an individual has notice that EEOC

7

proceedings have concluded. *See Blair v. Truluck Enterprises, Inc.*, No. CIVA609-1936HFF-WMC, 2009 WL 4328697, at *3 (D.S.C. Nov. 30, 2009); *West v. CSX Corp.*, No. CIV. JFM-05-3256, 2006 WL 373843, at *2 (D. Md. Feb. 16, 2006). Given Plaintiff's apparent knowledge that the letter had issued, as well as his dilatory behavior in pursuing the letter, the Court finds it appropriate to apply that rule here.

The Court finds further that the deadline was not tolled by Plaintiff's erroneous filing of an action in Alexandria General District Court. While it is not clear at what point Plaintiff learned that he had filed suit in the wrong court, it appears that it may have been as early as January or February. Plaintiff represented that after learning of his error, he continued to delay filing the instant action until the date he believed to be the tolled deadline – March 9, 2016. This is not excusable neglect. *See Hinton v. Cheney*, 9 F.3d 1543, 1993 WL 460651 (4th Cir. 1993) (declining to toll filing deadline when the plaintiff had waited an additional 39 days after the dismissal of his erroneously filed suit to bring suit in the correct court).

In light of the above, the Court is not able to say that Plaintiff "act[ed] expeditiously, without unnecessary delay." *Harvey*, 813 F.2d at 654. The Court therefore finds that equitable tolling is not justified in this instance.

Even if tolling was appropriate here, Plaintiff's Complaint was served on Defendant more than 100 days after the deadline for service under Federal Rule of Civil Procedure 4(m). Indeed, it appears that Plaintiff did not so much as attempt to obtain a summons before the deadline had run. While Plaintiff may have made an honest mistake in attempting to serve Defendant at an erroneous address, that excuses neither his initial delay in obtaining a summons, nor his subsequent delay in effectuating service upon the correct address. Accordingly, dismissal is warranted under Federal Rule of Civil Procedure 4(m) as well.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant's Motion [Dkt. 12] and dismiss Plaintiff's Complaint with prejudice.

An appropriate order will issue.

|  | /s/ |
|---|---|
| December 9, 2016 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |